UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN W., :<br>     :<br>Petitioner, :<br>     :<br>v. :<br>     :<br>STEVEN AHRENDT, :<br>     :<br>Respondent. :<br>     : | Civ. No. 21-365 (KM)<br><br><br><br>**MEMORANDUM AND ORDER** |

IT APPEARING THAT:

1. On or about August 2, 2019, Petitioner Jean W.[1] filed, through counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket No. 19-16282 at ECF No. 1.) He argued that the duration of his confinement under 8 U.S.C. § 1226(c) had become unduly prolonged and that he was entitled to a bond hearing.

2. On June 2, 2020, I granted the petition and ordered an immigration judge to provide Petitioner with an individualized bond hearing. (Docket No. 19-16282 at ECF Nos. 11, 12.)

3. The immigration judge granted Petitioner a bond hearing but denied bond. Petitioner filed a motion in this Court to reopen his case, as well as a motion to enforce the judgment. (Docket No. 19-16282 at ECF Nos. 16, 17.) He argued that the immigration judge improperly applied the relevant law. (*Id.*) I denied both motions on January 11,

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

2021, finding that Petitioner had not yet exhausted his administrative remedies. (Docket No. 19-16282 at ECF Nos. 24, 25.)

4. On January 4, 2021, Petitioner filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241, duplicating almost verbatim the claims raised in his first petition. (ECF No. 1.)

5. Because Petitioner's second petition contains identical claims to those raised in his first petition, his newly filed petition will be dismissed as duplicative. *See, e.g., Fabrics of City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (holding that district courts may dismiss duplicative complaints/petitioners where the subject matter and parties involved in both matters are the same); *see also Telfair v. Lynch*, Civ. No. 16-5372, 2017 WL 3783693, at *1–2 (D.N.J. Aug. 30, 2017), *dismissed sub nom. Telfair v. Attorney Gen. United States*, No. 17-3345, 2017 WL 8944219 (3d Cir. Nov. 21, 2017) (dismissing second § 2241 petition where it was duplicative of a previously filed § 2241).

6. In his second § 2241 petition, Petitioner does not allege any constitutional defect in the bond hearing he already received. (*See generally* ECF No. 1.) To the extent Petitioner seeks to challenge the constitutionality of the bond hearing he received and request a second hearing, he may do so under Docket No. 19-16282, after he has exhausted his administrative remedies. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (denying petitioner's request for a second bond hearing where petitioner did not allege any constitutional defect in the one he received); *see also Bravo v. Green*, Civ. No. 16-4937, 2017 WL 2268315, at *3 (D.N.J. May 24, 2017) (stating that "if Petitioner could have, but did not, present his procedural claim to the

Board of Immigration appeals, his claim is unexhausted and he may not raise that claim here via a petition for a writ of habeas corpus until such time as he does exhaust his administrative remedies.")

IT IS THEREFORE on this 14th day of January, 2021,

ORDERED that Petitioner's newly filed habeas petition (ECF No. 1) is hereby DISMISSED WITHOUT PREJUDICE as duplicative of his earlier filed habeas petition; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail and shall CLOSE the file.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge